**Commonwealth v. Clark**

*Jeffrey A. Conrad,* for Commonwealth.
*James J. Karl,* for defendant.

GEORGELIS, *S.J.,* March 19, 2007—The defendant has appealed my January 22, 2007 ruling that he meets the criteria for the designation of a sexually violent predator (SVP).

On July 28, 2006, the defendant presented, and I accepted, his guilty pleas to criminal attempt at sexual assault (18 Pa.C.S. §§901 and 3124.1), involuntary deviate sexual intercourse (18 Pa.C.S. §3123(a)(7)), aggravated indecent assault (18 Pa.C.S. §3125(a)(8)), indecent assault (18 Pa.C.S. §3126(a)(8)) and corruption of minors (18 Pa.C.S. §6301(a)(1)).[1] I ordered a pre-sentence in-

---

1. The defendant's victim was his 11 to 12 year old niece.

vestigation and an assessment by the Sexual Offenders Assessment Board (SOAB), as required by 42 Pa.C.S. §9795.4(a).

That assessment determined that the defendant meets the SVP criteria, and the Commonwealth filed a praecipe for a hearing. After a series of continuances granted to the defendant to accommodate the appearance of an expert witness, the hearing was held on January 22, 2007.[2] At the conclusion of that hearing, I found that the Commonwealth had met its clear and convincing evidence burden of proof, and I concluded that the defendant is a sexually violent predator as defined by Megan's Law, 42 Pa.C.S. §9791 et seq. I sentenced him on that date, pursuant to a negotiated agreement, to an aggregate of five to 10 years plus five years of consecutive probation.

Dr. Robert M. Stein, a licensed psychologist and the member of the SOAB who conducted the assessment, was the Commonwealth's expert. His report states he considered the report of the SOAB staff member, the police reports, the pre-sentence investigation report, the defendant's interview with the police and court documents. He based his assessment on an examination of the factors set forth in 42 Pa.C.S. §9795.4(b), and he opined with a reasonable degree of professional certainty that the defendant meets the two-prong test—that he has a mental abnormality which predisposes him to committing criminal sexual acts and that he has engaged in a pattern of predatory behavior.

---

2. The Commonwealth and the defendant agreed to present their experts' evidence by submitting their reports.

Dr. Stein opined that the defendant's mental abnormality is paraphilia, not otherwise specified (NOS), the diagnostic criteria for which are recurring and intense sexually arousing fantasies, urges or behaviors. He based this opinion on the defendant's engaging in repeated, sexually deviate contact with a non-consenting person for over six months. Specifically, he noted that the defendant's 11 to 12 year old victim reported about 85 sexual acts over a period of one year, including ejaculating in her mouth, inserting his fingers in her vagina, performing oral sex on her and, on one occasion, inserting his penis into her anus.

Dr. Timothy P. Foley, a licensed psychologist, was the defendant's expert. On the issue of mental abnormality, his report rebuts Dr. Stein's opinion that the defendant suffers from paraphilia NOS. Even though Dr. Foley did not explicitly opine that the defendant does not suffer from that mental abnormality, his rebuttal of Dr. Stein's opinion implies that.

Both experts agreed that the diagnostic criteria for paraphilia NOS are recurrent, intense sexually arousing fantasies, sexual urges or behaviors generally involving non-human objects, the suffering or humiliation of oneself or one's partner or children or other non-consenting persons. I believe the evidence supports Dr. Stein's conclusion that the defendant engaged in repeated, sexually deviant contact with his minor victim, in light of the 85 sexual acts he performed on her. I found Dr. Stein's conclusion to be credible on this prong of the SVP test.

As to the requirement of a pattern of predatory behavior, Dr. Stein noted that predatory behavior is statutorily defined as an act directed at a stranger or at a person with

whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to support or facilitate victimization. He opined that the defendant met this prong by virtue of his becoming upset with the victim when she told him she did not like what he was doing to her; his threatening her not to tell someone what he was doing to her; his maintaining the sexually victimizing relationship for a period of one year; his 85 acts of deviant behavior over that period; and his asking her if she wanted to touch his penis when she was 17 years old. This last incident is an indication of his ongoing urge for deviant, sexual conduct, in light of its having occurred about five years after the acts which occurred when his victim was 11 to 12 years old.

On this issue, Dr. Foley's report states that there are no indications that the defendant established a relationship for the primary purpose of sexually victimizing his niece and that there are no indications of extra-familial predatory behavior. I believe the evidence cited by Dr. Stein supports his conclusion that the defendant displayed a pattern of predatory behavior, and I found his conclusion to be credible on this prong of the SVP test.

I concluded that the Commonwealth proved with clear and convincing evidence that the defendant has a mental abnormality which predisposes him to committing sexual offenses and has engaged in a pattern of predatory behavior. Accordingly, I concluded that he meets the Megan's Law criteria and is a sexually violent predator.